# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT
# APPEAL NO. 22-13597

**JAMEL MULDREW,**
**Appellant/Defendant,**

**v.**

**UNITED STATES OF AMERICA,**
**Appellee/Plaintiff.**

_____/

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION
## Case No.:21-cr-00172-MSS-MRM
## Hon. Mary S. Scriven

_____

## INITIAL BRIEF OF APPELLANT JAMEL MULDREW

_____

Marie-Louise Samuels Parmer
Florida Bar No. 0005584
Samuels Parmer Law, P.A.
PO Box 18988
Tampa, Florida 33679
marie@samuelsparmerlaw.com
(Ph.)813.732.3321
Counsel for Appellant

February 6, 2023

*Muldrew v. United States,* Case No. 22-13597

## CERTIFICATE OF INTERESTED PERSONS
### C-1 of 1

Burden, Adrian (Assistant Federal Public Defender)

Campbell, Tyler Thomas (U.S. Probation Officer)

Casciola, Jessica (Assistant Federal Public Defender)

Gammons, Carlton Curtis (Assistant United States Attorney)

Gershow, Holly Lynn (Assistant United States Attorney)

Maddux, Michael P. (Former CJA Counsel)

McCoy, Honorable Mac R. (Federal Magistrate Judge)

Muldrew, Jamel (Defendant)

Nebesky, Suzanne C. (Assistant United States Attorney)

Samuels-Parmer, Marie-Louise (CJA Counsel)

Sansone, Honorable Amanda Arnold (Federal Magistrate Judge)

Scriven, Honorable Mary S. (Federal District Judge)

Sneed, Honorable Julie (United States Magistrate Judge)

Spergel, Ilyssa (Assistant United States Attorney)

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Oral argument is requested as the issues raised in this appeal are novel and complex and oral argument will aid the Court's disposition of the issues.

## **TABLE OF CONTENTS**

CERTFICATE OF INTERESTED PERSONS………………………………..ii

STATEMENT REGARDING ORAL ARGUMENT…………………………  iii

TABLE OF CONTENTS…………………………………………………..iv

TABLE OF CITATIONS…………………………………………….………iv

STATEMENT OF JURISDICTION……………………………….…….…...vi

STATEMENT OF THE ISSUE………………………………………. ...........1

STATEMENT OF THE CASE ................................................................1

STANDARD OF REVIEW ...............................................................6

SUMMARY OF ARGUMENT ...........................................................6

ARGUMENT

    **I.**    **THE DISTRICT COURT ERRED IN APPLYING THE §4B1.5 FIVE-LEVEL ENHANCEMENT TO MULDREW PREMISED ON COMMENTARY TO THE GUIDELINES. THIS COURT'S HOLDING IN <u>FOX</u> IS OVERRULED BY <u>KISOR</u> AND <u>DUPREE</u>.** …………………………………………………………………7

CONCLUSION ..................................................................14

CERTIFICATE OF COMPLIANCE ....................................................14

CERTIFICATE OF SERVICE ..........................................................15

## **TABLE OF CITATIONS**

**Cases**

*Auer v. Robbins*, 519 U.S. 452 (1997) ......................................................9

*Bowles  v. Seminole Rock*, 325 U.S. 410 (1945)......................................9

*Chapman v. United States*, 500 U.S. 543 (1991)......................................................10
*Kisor v. Wilkie*, -- U.S. --, 204 L. Ed 2d 841 (2019) ...................................... *passim*
*Richards v. United States*, 369 U.S. 1 (1962)..........................................................10
*Stinson v. United States*, 508 U.S. 36 (1993)................................................... *passim*
*United States v. Dupree*, 25 F.4th 1341 (11th Cir. 2022).........................................4
*United States v. Dupree*,  -- F.4th ---, 2023 WL 227633 (11th Cir. Jan. 18. 2023)
.................................................................................................................... *passim*
*United States v. Fox*, 926 F. 3d 1275 (11th Cir. 2019)................................... *passim*
*United States v. Machado*, 333 F.3d 1225 (11th Cir. 2014)....................................6
*United States v. Ndiaye*, 434 F.3d 1270 (11th Cir. 2006)........................................6
*United States v. Riccardi*, 989 F.3d 476 (6th Cir. 2021) ..........................................4
*United States v. Shabani*, 513 U.S. 10 (1994) ........................................................12

## Statutes and Rules

U.S.S.G. 1§4B1.5(b)(1) ……………………………………………...........*passim*
18 U.S.C. § 1591 (a) and 2..........................................................................................1
18 U.S.C. § 1952(A)(3)(a)and (b)...............................................................................1
18 U.S.C. §3553(a)2 ...................................................................................................13
18 U.S.C. § 2421……...……………………………………………………...........1
18 U.S.C. § 2422.........................................................................................................1
Fla. Stat. § 796.07 ......................................................................................................1

## Other

<u>Federal Sentencing Guidelines and the Rehnquist Court: Theories of Statutory Interpretation</u>, 37 Am. Crim. L. Rev. 103, 107 (2000)…………………………..12

## **STATEMENT OF JURISDICTION**

This is a direct appeal from a final judgment of the United States District Court, Middle District of Florida, Tampa Division, imposing sentence. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The district court entered final judgment October 14, 2022. (Doc. 148). Mr. Muldrew timely filed his notice of appeal October 24, 2022. (Doc. 153).

## STATEMENT OF THE ISSUES

I.    **WHETHER THE DISTRICT COURT ERRED IN RELYING ON THE COMMENTARY TO THE GUIDELINES IN APPLYING THE FIVE-LEVEL USSG §4B1.5(b)(1) ENHANCEMENT.**

## STATEMENT OF THE CASE

### Course of Proceedings and Disposition in the Court Below

Jamel Muldrew is incarcerated at FCI Talladega.

On April 22, 2021, the Government arrested Mr. Muldrew based on a criminal complaint (Doc. 1), and on May 19, 2021, the Government returned a four-count Indictment against Mr. Muldrew charging him with: (1) violating 18 U.S.C. §§ 1591(a) and 2, by knowingly transporting a person under the age of 18 for purposes of engaging in a commercial sex act; (2) violating 18 U.S.C. § 2422(b) , by knowingly persuading or enticing a person under the age of 18 to engage in prostitution in violation of Fla. Stat. § 796.07; (3) violating 18 U.S.C. § 1952(a)(3)(A) and (b) by using a facility of interstate and foreign commerce (cellphone and internet) to promote and manage prostitution in violation of Fla. Stat. § 796.07; and (4) violating 18 U.S.C. § 2421 by knowingly transporting a person in interstate commerce to engage in prostitution in violation of Fla. Stat. § 796.07. (Doc. 14)

On March 28, 2022, Mr. Muldrew entered, and the district court accepted, a plea of guilty to all four counts of the Indictment. (Doc. 100)

Prior to sentencing, Probation prepared a PreSentence Investigation Report (PSR). (Doc. 141 (Final PSR)) The PSR, and the Sentencing Memorandum (Doc. 133), filed by trial counsel, document the tragic childhood Muldrew experienced.

Childhood is profoundly formative; childhood experiences mold thinking patterns and beliefs, emotional processing, and behavioral patterns. And yet, people are capable of change and growth. Muldrew's childhood was marked by abandonment, neglect, physical and emotional abuse, exposure to domestic violence and parental criminality. Muldrew was born to a teenaged prostitute mother; his father was her pimp, fourteen years her senior.   (Doc. 141, p. 18). His mother abandoned Muldrew when he was in first or second grade and he was left to be raised by his father and his father's prostitutes. (Doc. 141, p. 18) Muldrew did not see his mother again for six years; when he did, she was emotionally distant and still working as a prostitute. (Doc. 141, p. 19) They lived in extreme poverty in a shotgun shack without running water or heat; his mother's boyfriend, Muldrew's "stepfather" Benjamin Quinn, abused Muldrew physically and emotionally. Muldrew ran away often. (Doc. 141, p. 19) At 14, the adults in his life encouraged him to sell drugs to help provide for the family. (Doc. 141, p. 19) Muldrew went back and forth between his parents, but when his mother was

incarcerated, he lived with her boyfriend's nephew who taught him how to sell crack. (Doc. 141, p. 19) When his mother was released from jail, she took up with the nephew and Muldrew started "hustl[ing] on the block" and staying out all night because he was uncomfortable at home. His mother was eventually evicted because of the pending criminal charges against her, leaving Muldrew homeless. The landlord reported Muldrew to child protective services and eventually he was sent to live with his father again. (Doc. 141, p. 19; see also Doc. 133, p. 1-4) Unsurprisingly, as an adult, Muldrew experienced depression and anxiety and engaged in substance abuse. (Doc. 141 p. 22-24)

Muldrew's sentencing range by statutory provisions was a minimum of ten years to a maximum of life. (Doc. 141, p. 26) In calculating Mr. Muldrew's Offense Level and Guidelines' range, Probation applied a Chapter Four Repeat Offender enhancement, finding that Muldrew qualified as a repeat and dangerous sex offender against minors and determined a "five-level enhancement applie[d]." USSG §4B1.5(b)(1) (Doc. 141, p. 11). Muldrew's adjusted offense level was 36, but with the five-level enhancement, and a three-level deduction for acceptance of responsibility, Muldrew had a total offense level of 38. (Doc. 141, p. 11). Based on his offense level and criminal history category of V, Muldrew's Guidelines' range was 360 months to life. (Doc. 141, p. 26). Probation additionally identified Muldrew's childhood and his history of mental health concerns and substance

abuse as facts the district court could consider in imposing a sentence below the Guidelines' range (variance).

Muldrew timely filed objections to the PSR, including arguing that the Sixth Circuit's opinion in United States v. Riccardi, 989 F. 3d 476 (6th Cir. 2021), and this Court's then-pending decision in United States v. Dupree, 2023 WL 227633 (11th Cir., Jan. 18. 2023)[1] would support his argument that §4B1.5(b)(1) should not apply. (Doc. 141, p. 5-6) Muldrew further argued that the abuse, neglect he suffered as child, and his exposure to his parents' criminality, warranted a downward variance pursuant to 18 U.S.C. 3553(a). (Doc.133)

The district court conducted a sentencing hearing on October 5, 2022, (DE 145), at which time Muldrew addressed the district court and expressed remorse about how his decisions and actions adversely affected the lives of others. (Doc. 159,  p. 81-83) Muldrew also re-raised his objection to the five-level enhancement pursuant to USSG §4B1.5(b)(1). Muldrew argued, through counsel, that the district court should look to the plain language of the statute, that Muldrew did not engage in a pattern or practice as interpreted under the plain language of USSG §4B1.5(b)(1) and that, as noted above, the Dupree case would likely support his

---

[1] At the time of Muldrew's sentencing, this Court had issued United States v. Dupree, 25 F. 4th 1341 (11th Cir. 2022) (granting rehearing *en banc*).

4

argument. (Doc. 159, p. 23-24) Relying on USSG §4B1.5(b)(1) [2] and this Court's decision in United States v. Fox, 926 F.3d 1275 (11th Cir. 2019), the district court rejected Muldrew's argument and determined the five-level enhancement applied. (Doc. 159, p. 21) The district court, however, determined Muldrew's childhood of extreme neglect and abuse, the criminality of his parents, and his demonstrated remorse, as described above, warranted imposing a sentence less than 360 months in prison. (Doc. 159, p. 95; Doc. 149, p. 3)

The court sentenced Muldrew to 262 months in prison on Count One, concurrent with Counts Two, Three and Four, followed by 120 months supervised release, concurrent with Counts Two, Three and Four; 262 months imprisonment on Count Two, concurrent with Counts One, Three and Four, followed by 120 months supervised release, concurrent with Counts One, Three and four; 60 months imprisonment on Count Three, concurrent with Counts, One, Two and Four; and, 120 months imprisonment on Count Four, concurrent with Counts, One, Two and Three. (DE 145; Doc. 148) The court entered judgment on October 14,

---

[2] U.S.S.G. §4B1.5 reads in pertinent part: "In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct:
**(1)** The offense level shall be 5 plus the offense level determined under Chapters Two and Three."

2022. (Doc. 148) Muldrew timely filed a notice of appeal on October 24, 2022.
(Doc. 153) This Initial Brief follows.

## STANDARD OF REVIEW

A district court's interpretation of the Sentencing Guidelines is subject to *de novo* review on appeal; this Court reviews a district court's application and interpretation of the sentencing guidelines *de novo*.  Unites States v. Machado, 333 F.3d 1225 (11th Cir. 2014). The question of whether a particular Guideline applies to a given set of facts is a question of law subject to *de novo* review. United States v. Ndiaye, 434 F.3d 1270, 1280 (11th Cir. 2006).

## SUMMARY OF ARGUMENT

The district court erred when it applied the five-level U.S.S.G. §4B1.5 enhancement based on language in the Commentary and this Court's decision in Fox.  The regulation is unambiguous; Muldrew did not qualify under the plain meaning of the word "pattern." The Sentencing Guidelines are agency regulations, which require Auer deference.  United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023) (*en banc*) A court must "bring all its interpretive tools to bear before finding" a regulation ambiguous. Kisor v. Wilkie, 204 L. Ed. 2d 841, 139 S. Ct. 2400, 2423 (2019). The word "pattern" is unambiguous and this Court should overrule Fox to the extent it conflicts with Kisor and Dupree and determine that the §4B1.5 enhancement for a "pattern" of conduct does not apply to Mr. Muldrew.

Alternatively, Chapter Four of the Guidelines is designed to punish repeat offenders and Muldrew is not a repeat offender within the meaning of Chapter Four. Lastly, if this Court still finds §4B1.5 ambiguous, the Rule of Lenity applies.

## ARGUMENT

## I. THE DISTRICT COURT ERRED IN APPLYING THE §4B1.5 FIVE-LEVEL ENHANCEMENT TO MULDREW PREMISED ON COMMENTARY TO THE GUIDELINES. THIS COURT'S HOLDING IN <u>FOX</u> IS OVERRULED BY <u>KISOR</u> AND <u>DUPREE</u>.

The district court erred in applying the §4B1.5 five-level enhancement to Mr. Muldrew. Muldrew was not engaged in a "pattern of activity" as envisioned by the plain and unambiguous meaning of that language. While the district court did not have the benefit of this Court's decision in <u>Dupree,</u> and reasonably relied on this Court's decision in <u>Fox</u>, the reasoning in <u>Fox</u> is now called into doubt by <u>Dupree</u>. In <u>Dupree</u>, this Court found the Guidelines to be agency regulations which require <u>Auer</u> deference as reemphasized by the Court in <u>Kisor</u>, thus courts must make all efforts to give meaning to the plain language of a regulation before resorting to commentary. <u>Dupree</u>, 2023 WL 227633 * 5. This Court in <u>Fox</u> relied on the commentary to the Guidelines in finding that the term "pattern of activity" applied to a single victim in the charged offense. <u>Fox</u> is no longer good law and this Court should overrule <u>Fox</u> and find the five-level enhancement does not apply.

<u>Guideline Enhancement §4B1.5</u>

§4B1.5(b) provides a five-level enhancement "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a *pattern of activity* involving prohibited sexual conduct." (emphasis added). The Commentary to this guideline states in pertinent part:

> 4. Application of Subsection (b)
> (A) Definition.--For purposes of subsection (b), "prohibited sexual conduct" means any of the following: (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) the production of child pornography; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of child pornography. "Child pornography" has the meaning given that term in 18 U.S.C. § 2256(8)
> (B) Determination of Pattern of Activity.
> (i) In General.--For purposes of subsection (b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor.
> (ii) Occasion of Prohibited Sexual Conduct**.**--An occasion of prohibited sexual conduct may be considered for purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion.

USSG § 4B1.5 cmt. n.4 (A)(B)(i) and (ii).

This Court in <u>Fox</u>, and other sister circuits, have relied on this commentary language to apply the five-level enhancement to offenders, like Muldrew, who lack a prior history or pattern of convictions involving a person other than the victim in

8

the instant offense, that would suffice to justify the five-level enhancement. The

Fox court stated, "[t]o interpret the guidelines, we begin with the language of the

[g]uidelines, considering both the [g]uidelines and the commentary. . . The

guidelines commentary is authoritative unless it violates the Constitution or a

federal statute, or is inconsistent with, or a plainly erroneous reading of, the

guidelines." Fox, 926 F.3d at 1278 (quoting United States v. Fulford, 662 F.3d

1174, 1177 (11th Cir. 2011) (internal citations and quotations omitted)). The

district court, likewise, found that the commentary controlled the application of the

guideline and that it made no difference that Muldrew had no other victims or

cases that would apply as a "pattern of activity." The district court determined that

Muldrew's acts regarding the same victim, which were also part of the underlying

offense, qualified as a "pattern of activity" pursuant to Fox. (Doc. 159, p. 21)

In Dupree, however, this Court examined the application of Kisor to Stinson

v. United States, 508 U.S. 36 (1993), and determined that guidelines commentary

should be treated "'as an agency's interpretation of its own legislative rule.'"

Dupree 2023 WL 22763 *5 (quoting Stinson, 508 U.S. at 44). This Court then

affirmed that, "Kisor's gloss" on Auer v. Robbins, 519 U.S. 452

(1997) and Bowles v. Seminole Rock, 325 U.S. 410 (1945) applies to

Stinson. Dupree 2023 WL 22763 *6. Dupree instructs, then, that a court must look

to the plain language of the guideline at issue, and apply traditional tools of

statutory interpretation, to determine the application of a guideline. <u>Id</u>. Only if a guideline is ambiguous *after applying traditional tools of statutory interpretation*, should a court rely on the commentary.

<div align="center"><u>§4B1.5 Unambiguously does not apply to Muldrew</u></div>

A court must "start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used." <u>Richards v. United States, </u>369 U.S. 1, 9 (1962). This is consistent with a "'textualist' philosophy of statutory interpretation--embraced by Justice Antonin Scalia—[which] focuses on the 'plain meaning' of the language of a statute." <u>Federal Sentencing Guidelines and the Rehnquist Court: Theories of Statutory Interpretation</u>, 37 Am. Crim. L. Rev. 103, 105 (2000).  When neither the applicable statute nor the Sentencing Guidelines define the term "pattern of activity," and the term lacks an established common-law meaning, a court must give the term its "ordinary meaning." <u>Chapman v. United States</u>, 500 U.S. 453, 461–62 (1991).

The Merriam Webster Dictionary defines pattern as "frequent or widespread incidence." <u>https://merriam-webster.com/dictionary/pattern</u> (last visited February 6, 2023) Applying the plain meaning of the word "pattern," there is insufficient evidence of "frequent or widespread incidence" by Muldrew of unlawful sexual conduct involving a minor. Rather the offense involves a single victim, albeit with multiple acts involving the same victim, and Muldrew has no history of sex

<div align="center">10</div>

offenses involving minors. Starting first with the guideline language, as Kisor compels a court to do, it is clear that a "pattern" requires frequent and widespread incidence. Because the ordinary meaning of the word used is unambiguous, the district court should not have relied on the commentary to find support for applying the five-level enhancement to Muldrew.

   Other Traditional Methods of Statutory Interpretation Compel the Same Result

To the extent that there exists ambiguity in §4B1.5, which Muldrew does not concede, two factors in statutory interpretation warrant reading the statute as not encompassing Muldrew as a defendant deserving of the five-level enhancement. First, reading the Guidelines as a whole for the purpose of statutory interpretation, the purpose of Chapter Four of the Guidelines is to punish the repeat offender. "A defendant's record of *past criminal conduct* is directly relevant to those purposes. A defendant with a *record of prior criminal behavior is more culpable* than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence." U.S.S.G. Ch. FOUR, Pt. A. (emphasis added) Further, Chapter Four fails to provide a definition for "pattern of activity," but it is clear that this section is intended to punish repeat offenders. In finding that the §4B1.5 enhancement applies to

offenders who commit multiple acts involving the same victim as part of the underlying offense, the stated purpose of Chapter Four is contorted.

Secondly, the rules of statutory construction favor a more lenient interpretation of a criminal statute "when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." United States v. Shabani, 513 U.S. 10, 17 (1994). "The rule of lenity is a rule of statutory construction which mandates that criminal statutes, when vague or ambiguous, be 'strictly construed against the government or parties seeking to enforce statutory penalties and in favor of the persons on whom penalties are sought to be imposed.' The purpose of this rule is to provide adequate notice to defendants, to satisfy due process requirements, and to reinforce the notion that it is the duty of the legislature--and not the judiciary--to define what conduct is to be considered criminal." Federal Sentencing Guidelines and the Rehnquist Court: Theories of Statutory Interpretation, 37 Am. Crim. L. Rev. 103, 107 (2000). In such a case, the statute should be interpreted in favor of the criminal defendant. Interpreting §4B1.5 in favor of Muldrew warrants a finding that the enhancement should not be applied.

Muldrew did not engage in a pattern of activity of using a minor in sex acts as based on the clear and common meaning of the term "pattern." The only minor involved was the victim in the instant offense, thus, Muldrew's conduct does not entail a pattern based on the plain meaning of the word. Accordingly, Jamel

Muldrew is not subject to an enhanced sentence and his guidelines range should be calculated at an Offense Level of 33, with a criminal history category of V, resulting in a sentencing range of 210 to 262 months. This sentence range is sufficient to take into account the nature and circumstances of the offense and Muldrew's tragic history, and, it further reflects the seriousness of the offense, promotes respect for the law, provides for just punishment of the offender  and adequately deters future criminal conduct while protecting the public. 18 U.S.C. § 3553.

Alternatively, the Guidelines as a whole, including Chapter Four which is titled "Repeat Offenders," demonstrate that §4B1.5 enhancement is intended to punish repeat offenders. Muldrew is not a repeat offender of engaging in commercial sex acts with a minor, or any sex acts with a minor. And, to the extent that this Court should still find ambiguity in §4B1.5, the Rule of Lenity should apply.

This Court should reverse the judgment of the district court pursuant to Dupree and remand Mr. Muldrew's case for a new sentencing hearing consistent with Dupree and Kisor.

## **Conclusion**

Jamel Muldrew respectfully requests that this Court reverse the district court and grant the relief requested in his claim or any other relief that justice may require.

Respectfully submitted,

/s/ Marie-Louise Samuels Parmer
Marie-Louise Samuels Parmer
Florida Bar No. 0005584
Samuels Parmer Law, PA
P.O. Box 18988
Tampa, Florida 33679
813.732.3321
marie@samuelsparmerlaw.com

## **CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7) because, excluding the parts of the documents exempted by Fed. R. App. P. 32(f) this document contains 3,078 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Times New Roman 14 Point Font.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing was electronically filed with the

Clerk of the Court on February 6, 2023, by using the CM/ECF Appellate Filing

System which will send notice of electronic filing to: Holly Lynn Gershow,  Office

of the United States Attorney for the Middle District of Florida, 400 N. Tampa St.,

Ste. 3200, Tampa, FL 33602-4798. I further certify that I mailed the foregoing

document by first class mail to the following non-CM/ECF participant: Jamel

Muldrew, Register #41851-509, FCI Talladega, 565 East Renfroe Road,

Talladega, Alabama, 35160.

<div style="margin-left:40%">

/s/ Marie-Louise Samuels Parmer
Marie-Louise Samuels Parmer
Florida Bar No. 0005584
Samuels Parmer Law, PA
P.O. Box 18988
Tampa, Florida 33679
813.732.3321
marie@samuelsparmerlaw.com

</div>